GEORGE BATAVIA, Respondent, v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 3, 1907.**

1. **CONTRACTS: Offer: Acceptance.** In order to transform a proposition into a contract the acceptance must be of the very terms proposed.

2. ———: ———: ———: **Evidence: Pleading.** The baggage agent of a railroad company wrote a claimant of damages for lost baggage: "I have been authorized to allow you $652.05 in full settlement of your claim. Please advise promptly that voucher may be issued it once." The agent's answer was "provided you send voucher at once, I will take the offer in full settlement of my claim." Again the agent wrote "to advise that voucher number 31 should reach you, through, etc., in about fifteen days." etc. *Held*:

    (1) The agent's "issued at once" was not certain, and considering the course of business in a large corporation it was doubtful whether he intended to send the voucher to the claimant.

    (2) The agent's words are not an unequivocal proposal.

    (3) The claimant's letter, instead of an acceptance of the terms as they were, was an interpretation of them, and amounted to a counter proposition.

    (4) If the agent's last letter be held an acceptance of the plaintiff's modified proposal plaintiff cannot recover, since he declared on his acceptance of the agent's proposition.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

REVERSED.

*Sam H. West, Daniel B. Holmes* and *Henry C. Page* for appellant.

(1) The correspondence shows that the proposition of compromise, made by defendant's general baggage agent, was not accepted unconditionally; that the minds of the parties never met and that all propositions were withdrawn before and without acceptance. Eliason v. Henshaw, 4 Wheat. 228; Eads v. Carondelet, 42 Mo. 117; Strange v. Crowley, 91 Mo. 295; Robinson v. Railroad, 75 Mo. 498; Taylor v. Von Schraeder, 107 Mo. 225; Steam Co. v. Biggs, 4 De G., F. & J., 197; Bruner v. Wheaton, 46 Mo. 366; 1 Pars., Cont., 507; Poll. Cont. (Wald's 2 Ed.), 38; Slaymaker v. Irwin, 4 Whart. 380; Faunce v. Assurance Co., 101 Mass. 280; Insurance Co. v. Mayes, 61 Ala. 166; Norrington v. Wright, 115 U. S. 209; Filley v. Pipe, 115 U. S. 220; Arthur v. Gordon, 37 Fed. 560; Hussey v. Horn-Payne, L. R., 8 Ch. Div. 678; Appleby v. Johnson, L. R., 9 C. P., 163; Kleinhaus v. Jones, 68 Fed. 749 (C. C. A.); James v. Fruit Jar Co., 69 Mo. App. 214; Leake on Contracts (2 Eng. Ed.), p. 28; Ortman v. Weaver, 11 Fed. 360; Goulding v. Hammond, 54 Fed. 643; Schwartz v. Insurance Co., 18 Minn. 455; Hyde v. Wrench, 3 Beav. 337; Taylor v. Von Schraeder, 107 Mo. 225; Egger v. Nesbit, 122 Mo. 674; Bank v. Hall, 101 U. S. 50; Railroad v. Rolling Mill, 119 U. S. 151.

*M. F. Ringolsky* and *I. J. Ringolsky* for respondent.

The letters exchanged between appellant and respondent, and the acts of the parties in reliance upon them, show conclusively that the proposition made by the appellant to George Batavia to pay him $652.05 in settlement of his claim, was accepted. Clark & Woods v. Dales & Dales, 20 Barber (N. Y.) 42; Kelley v. Railroad, 113 Mo. App. 468.

ELLISON, J.—This action is based on an alleged contract of settlement of a claim against defendant. Plaintiff recovered judgment in the trial court. Plaintiff, residing at Kansas City, Missouri, had a claim against defendant for baggage destroyed by fire. After considerable correspondence with the defendant's general baggage agent at Texarkana, Texas, plaintiff closed his letter of the twenty-fifth of March, 1905, with the question "What will you settle the whole claim for?" The baggage agent answered April 7 as follows: "Re: yours 3-25, beg to advise that I have been authorized to allow you $652.05 in full settlement of your claim. Please advise promptly that voucher may be issued at once." Plaintiff answered under date of April 8 as follows: "In reply to your favor of the seventh inst. desire to say that provided you send voucher at once, I will take $652.05 in full settlement of my claim." Then on April 10 the baggage agent wrote plaintiff as follows: "Re- yours 4-8 beg to advise that voucher No. 31 should reach you through our Mr. Marens of your city in about fifteen days from our treasurer's office, St. Louis." Afterwards, on May 6, the agent wrote plaintiff that the company refused to approve voucher.

The question for our decision is whether those letters constitute a complete contract. Were they a proposition and acceptance? The law is clear that in order to bind an offer — in order to transform a proposition into a contract — the acceptance must be of the *very* terms proposed. [Strange v. Crowley, 91 Mo. 287; Robinson v. Railroad, 75 Mo. 494; James v. Fruit Jar Co., 69 Mo. App. 207; Eliason v. Henshaw, 4 Wheat. 225; Norrington v. Wright, 115 U. S. 188; Weaver v. Burr, 31 West Va. 736; Potts v. Whitehead, 23 N. J. Eq. 512; Kleinhaus v. Jones, 68 Fed. 742; Oriental Steam Co. v. Briggs, 4 De G. F. & J. 191; Hussey v. Horne, 8 Ch. Div. 670; Appleby v. Johnson, L. R. 9 C. P. 158; Clark on Contracts, 63; Leake on Contracts, 28.] A

few extracts from the foregoing cases will show how explicitly judges and text-writers have expressed themselves on this subject.

"To make a concluded contract, the acceptance must be unequivocal, unconditional, and without any variance of any sort between it and the proposal." [Strange v. Crowley, supra.] "A binding contract can only occur when the offer made is met by an acceptance which corresponds with the offer made in every particular." [Robinson v. Railroad, supra.] "To constitute a contract there must be a proposition by one party, accepted by the other, without any modification whatever. If the acceptance modifies the proposition in any particular, however trifling, it amounts to no more than a counter-proposition; it is not in law an acceptance which will complete the contract." [Weaver v. Burr, supra.] "It must, in every respect, meet and correspond with the offer, neither falling within or going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand." [Potts v. White-head, supra; Yore v. Bankers Assn., 88 Calif. 609, 615.]

If we consider the terms proposed by the baggage agent's letter of April 7 as including that the voucher was to be issued at once on acceptance of the offer, it is not certain that the word, "issued," meant, sent to plaintiff. We may concede that words, to issue, mean to send out. But considering the entity for which the baggage agent was speaking; it being a large corporation of various departments which are organized with a view to check upon each other in the payment of money, it may well be doubted whether the baggage agent meant that he would issue (send) the voucher to plaintiff at once, or whether he would at once issue (send) it to the department which must approve it. The latter view (judging from his action) seems to have been the baggage agent's understanding.

Again, the words of the letter are not clearly and

unequivocally a proposal to issue voucher at once. They may have meant merely an intention to do so for defendant's own convenience, but not a promise or offer to do so. The offer was $652.05 in full settlement. Then followed, separately, a request to please notify him promptly whether the offer was accepted, so that he could issue voucher at once. The offer and the request are liable to be considered as distinct matters. So, therefore, it appears that the offer was, at least, ambiguous — was uncertain as to its terms, and plaintiff must have so understood it. For he accepted it with an express *proviso,* that the voucher was to be, not issued, but to be *sent to him* at once. When he received the proposition he probably queried whether what was said about the voucher was to be considered as a part of the offer and if it was, whether it meant an offer to issue and send to him at once, or to issue and start it on its round of the other departments. So he answered, and instead of accepting the terms as they were, he chose to interpret them, or to make them clear, and said he would accept "provided you send voucher at once." This the law does not permit him to do. His answer amounted to a counter proposition and must be considered as a refusal to accept. [Baily v. Moore, — Mo. App. —.]

Clark on Contracts, 63, says: "An uncertain offer is sometimes apparently remedied by its acceptance, but this is not really so. As we have seen, an acceptance, to be effective, must be identical with the terms of the offer. If it varies from them, as it must in order to remedy uncertainty in the offer, it is not an acceptance, but a counter-offer, which, to result in a contract, must be accepted by the original proposer." Hare on Contracts, 365, says: "The acceptance must strictly pursue the offer and be a clear and unqualified assent to the terms which that prescribes, without addition, alteration or omission. If there be any variation, the entire proposal

falls, and what remains is a new offer which stands in as much need of acceptance as that originally made."

If a person receiving a proposal deems it not clear, his answer, though termed an acceptance, will not conclude a contract if he attempts to make it clear by introducing new terms as a part of the agreement. [Appleby v. Johnson, L. R., 9 C. P., 158; Hussey v. Horne-Payne, L. R., 8 Ch. Div. 670, 678.] In the latter case it was said: "To make a contract by an offer and acceptance, you must find an offer and a simple unconditional acceptance; that is to say, an acceptance not introducing a new term. If a new term is introduced, it becomes no longer an acceptance but a mere counter-offer, which must be accepted before there is any contract." If one receives an offer or proposal which is couched in uncertain language giving it an ambiguous meaning, he should accept or reject it as made. If he does otherwise it amounts to a counter-proposition. It plainly would not be tolerable to have him return an answer interpreting the offer, and saying he would accept, provided that was its meaning. If that could be done it would, for all practical purposes, permit the party to whom such a proposition was made to dictate the effect of the agreement and force it upon the other. There could be no objection to an acceptance repeating the terms of the offer in the words in which it is communicated. That is no doubt frequently done. Nor would it be a cause for denying there was an acceptance if, in stating the offer received, different words of *same* meaning and understood in the same way, were used.

It may be suggested that the last of the letters above quoted, that from the baggage agent of April 10, shows that he understood an agreement had been reached. We have already shown that plaintiff's letter of April 8 in answer to the defendant's proposal was not an acceptance and that it amounted to a counter-proposition.

As such it was necesssary that it be accepted by defendant in order to make an agreement. But if we were to go so far as to say that the baggage agent's letter of April 10 was an acceptance of plaintiff's counter-proposition, it cannot avail the plaintiff since he has not based his action on a proposition from plaintiff and acceptance by defendant.

The judgment should be reversed and it is so ordered. All concur.