## CAL HIRSCH & SONS IRON & RAIL COMPANY, Appellant, v. PARAGOULD & MEMPHIS RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals.　Argued and Submitted March 14, 1910.
Opinion Filed April 19, 1910.

1. **CONTRACTS: Mutuality: Unilateral Contracts.** To make a contract "unilateral," and thereby void, there must be no mutuality of obligation, and only one party thereto must be bound thereby.

2. ———: ———. For a contract to be "mutual," an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party can be bound, unless both are bound.

3. ———: ———: **Contract Held Void.** A memorandum of sale between an iron company and a railroad company, reciting that the former obligated itself to furnish such material of a certain kind as it might have, and that such material was subject to the inspection of the railroad company, is unilateral.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*Louis L. Boehmen* and *A. L. Hirsch* for appellant.

(1) The contract is mutually binding on both parties. Laclede Const. Co. v. Iron Works, 169 Mo. 137; Williams v. Railroad, 112 Mo. 463. (2) The court erred in excluding the contract from evidence in the case. See authorities under point 1. (3) The ruling of the court in excluding the contract from evidence, after it had been shown to have been duly executed by both parties in the case, precluded appellant from establishing its case and the nonsuit was therefore involuntary. Dowd v. Winters, 20 Mo. 361; Sachse v. Clingingsmith, 97 Mo. 406. (4) The appellate court will not refuse

to set aside a nonsuit taken upon the rejection of material evidence necessary to plaintiff's recovery, because the record does not show that the plaintiff was prepared with proof upon the other material facts in the case, or because the evidence may possibly have been rejected for the reason that it was offered out of the order of time prescribed by the court in trying the cause. Dowd v. Winters, 20 Mo. 361; Sachse v. Clingingsmith, 97 Mo. 406. (5) If the agreement was unilateral in the first instance yet it became binding when appellant notified respondent to inspect rails as alleged in the petition. Nicholsen v. Plaster Co., 122 S. W. Adv. Sheets No. 4, p. 773; Typewriter Co. v. Realty Co., 220 Mo. 522. (6) The appellant having been forced by the court to take an involuntary nonsuit before it had introduced any but formal testimony, the presumption must be indulged that appellant was able to prove all the material allegations of its petition. See authorities, supra, under point 4. (7) A contract should be construed so as to uphold rather than to defeat it. Belch v. Miller, 32 Mo. App. 387; (8) Ambiguity in a contract does not necessarily invalidate it as the ambiguity may be removed by the interpretation of the parties shown by their acts under it and in other ways. Saddlery Co. v. Kingman, 42 Mo. App. 208; J. K. Armsby v. Eckerly, 42 Mo. App. 299. (9) The contract in this case does not give the vendor the option to deliver or not as it may desire, nor does it provide that the purchaser may take such of the rails as it may want or desire. (10) In a contract of sale subject to inspection it is implied that the inspection is to be reasonable. The party cannot arbitrarily reject without cause and neither can it avoid the contract by refusing to inspect. Dinsmore v. Livingston County, 60 Mo. 241; Neeman v. Donoghue, 50 Mo. 493; Williams v. Railroad, 112 Mo. 465; Vought v. Williams, 120 N. Y. 253.

*Block & Sullivan* for respondent.

The contract sued on was lacking in mutuality. (a) It laid no binding obligation on appellant to furnish rails. Campbell v. American, etc., Co. 117 Mo. App. 19, and cases cited; Cold Blast, etc., Co. v. Kansas, etc., Co., 114 Fed. 77, and cases cited; Bailey v. Austin, 19 Minn. 537. (b) By the terms of the contract, respondent was made the sole judge of any rail which might be offered. McCormick v. Finch, 100 Mo. App. 644, and cases cited. (c) And was not bound to take rail if offered. Matador, etc., Co. v. White, 82 Tex. 478.

REYNOLDS, P. J.—Plaintiff brought suit against the defendant on a written contract for the sale of 308 tons (2240 pounds per ton) of relaying T rails, together with splice bars, at a price of $29 per ton gross, to be delivered f. o. b. cars at St. Louis, Missouri, or East St. Louis, Illinois. It is averred in the petition, that the defendant had broken the contract to the damage of plaintiff in the sum of fifteen hundred dollars, for which he prays judgment, together with costs, and it is further averred that plaintiff is now ready and willing to deliver said 308 gross tons of rails as bargained and sold to the defendant at the agreed price of twenty-nine dollars per gross ton, upon payment of its sight draft with bills of lading attached as agreed. "Wherefore plaintiff prays judgment for the agreed price of said rails, as aforesaid, namely the sum of $8932 and for its costs."

Defendant answered, first, by a plea to the jurisdiction, denying that either of the alleged causes of action declared on in the plaintiff's petition accrued in the city of St. Louis, and further answering to the merits of the petition, defendant denied each and every allegation thereof.

The cause coming on for trial, plaintiff offered the contract sued on in evidence. Defendant's counsel admitted that it was signed by the president of the defendant company, and then objected to the contract

Iron & Rail Co. v. Railroad.

because it was lacking in mutuality in two aspects: It states that plaintiff is to sell such rails only as it may have and does not obligate it to have any, and it provides that the defendant may only buy such rails of the plaintiff as the defendant may want.

At the commencement of the trial and before the jury was sworn, defendant moved that plaintiff be required to elect whether it would stand on the count for damages or on the count for the purchase price of the rails and splice bars. The motion was sustained and plaintiff elected to stand on the count for damages, that is, the count praying judgment for $1500 and costs, and dismissed as to the count for the recovery of the purchase price of the rails and splice bars, no exception being taken or saved by plaintiff to the action of the court in requiring it to elect.

The contract relied on and offered in evidence is as follows:

"St. Louis, Mo., 6-17-07.
"Paragould & Memphis Railroad Co., Decatur, Ind.
"Ex. A. J. F. A. Jan. 14, '09.

"Dear Sirs:—This will confirm sale made to your company as per conversation with your Mr. J. W. Vail of 308 tons of about 56-lb. relaying rail at twenty-nine ($29.00) dollars per gross ton f. o. b. cars St. Louis, or East St. Louis our option. The above are subject to your inspection at point of shipment. Of course, it being understood that we are only obligated to ship such relaying rail as we may have and in case our rail do not pass your inspection we are not obligated to replace them. Terms sight draft bill of lading attached. Shipment to be made within ninety (90) days. We also agree to furnish whatever splice bars we may have for the rail to be weighed in at the same price as the rail. It being further understood, if we have ready for inspection 100 tons they are to be inspected by your company before July first, the

balance to be inspected between August first and September first, 1907. If we desire them to be inspected previous to this time we will pay whatever expense you are put to—after the first inspection.

"This being accepted by both parties will constitute contract between us.

                    "Yours Truly,
            "Cal Hirsch & Sons Iron & Rail Co.,
                "L. B. Hirsch,
                    "V. P. & G. M.

"Accepted:—
        "P. & M. R. R.,
        "Jno. W. Vail, Pres."

The court sustained the objection, to which plaintiff, excepting, took a nonsuit with leave to move to set the same aside, which latter motion was duly filed, overruled and exception saved and the case brought here on appeal by plaintiff.

Bouvier, in his Law Dictionary (Rawle's Revision), quotes Professor Langdell (Langdell, Sum. Cont., sec. 183), as defining a unilateral contract to be "every binding promise not in consideration of another promise."

Our Supreme Court, in Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137, l. c. 149, 69 S. W. 384, has said: "To make a contract unilateral and therefore void, it is essential that there should be no mutuality of obligation; that only one party thereto should be bound thereby." Further along in the same case, at page 151, it is said, quoting from 7 Am. and Eng. Ency. of Law, that unilateral contracts mean contracts that lack mutuality. "Mutuality of contracts means that an obligation must rest upon each party to do or permit to be done something in consideration of an act or promise of the other, that is, neither party is bound

unless both are bound." The contract before the court in the Laclede Construction Company case is in many respects very like the contract here in suit, and again referring to that case, at page 151, our Supreme Court has said, that measured by the legal rule, while the so-called contract may have properly been classified as a unilateral contract originally, it had ripened into a full and binding contract, by reason of correspondence between the parties after it had been proposed and accepted. The court held that in point of fact the letters in evidence in the case were ample in themselves to have constituted a valid contract except as to the amounts and prices of the articles to be furnished and paid for, and that these matters could be supplied by reference to the paper or memorandum set out as the contract. The learned counsel for the appellant in the case at bar cite and rely upon this Laclede Construction Company case, but it is urged by opposing counsel that they lose sight of the fact that instead of the words "as we may have," as used in the contract before us, the contract or the paper relied on as a contract in the Laclede Construction Company case used the word "need;" that it was a sale and purchase of such rails and splice bars as the plaintiff "should need" within a given time; that how much they might need was a matter of easy ascertainment from the character of the work, but how much the plaintiff "may have" was beyond accurate determination. That, however, is more a quibble on words than an interpretation of the contract, and we do not consider it a determining factor. The fatal and radical difference between the Laclede Construction Company case and the case at bar is that here there is no averment in the petition to in any way indicate any contract other than the one offered in evidence. So far from the petition indicating that there was any other contract or any act by defendant admitting or recognizing the existence of a contract between the parties, it is distinctly averred that when the defendant was notified to send an in-

spector to inspect the rails, and notified that the plaintiff was ready to deliver rails which would meet the requirements of the contract, that "defendant refused and ignored said requests, and refused at St. Louis, Missouri, to inspect or accept said rails, and at St. Louis, Missouri, refused to perform said contract." This, in effect, is an averment of repudiation of a contract. Nor was there any offer at the trial, in connection with the offer of the contract in evidence, of any testimony to show any acts, correspondence or facts which would convert this memorandum into a valid contract, mutually obligatory upon the parties. We therefore hold that the Laclede Construction Company case is controlling authority against the position of the plaintiff, and that under the definitions of a unilateral contract, the contract or memorandum offered in this case was not a mutual but a unilateral one, and the objection to its introduction in evidence properly sustained.

The judgment of the circuit court in overruling the application of the plaintiff for leave to set aside the nonsuit was correct, and its judgment in favor of the defendant below, respondent here, is affirmed. All concur.