A. L. SARRAN, Appellant, v. THOMAS J. RICH-ARDS, Respondent.

Springfield Court of Appeals, December 5, 1910.

1. **CONTRACTS: Offer and Acceptance: Meeting of Minds.** Plaintiff offered defendant nine thousand dollars cash for his farm. Defendant accepted this proposition upon the condition that he be allowed to collect the rents for that year, and that plaintiff would take the land subject to a lease for the following year. In reply to this plaintiff answered making an inquiry as to the conditions of the lease, and whether or not it would be possible to persuade the tenant to forego the lease. After some other correspondence defendant notified plaintiff

that he withdrew all propositions. Plaintiff then insisted that he had a contract and brought an action for a breach thereof. *Held*, that at no time was an offer made and accepted unconditionally, that the parties did not agree to the same thing at the same time; that it was too late for plaintiff to accept after defendant had notified him that the offer was withdrawn.

2. ———: ———: ———. It is elementary law that to constitute a contract the minds of the parties must meet, and they must agree on the same thing at the same time, else there is no contract, and when a contract is made by an offer on the part of one party and an acceptance of that offer by the other party, to make it a binding contract the acceptance must be in the exact terms of the offer. If any condition is imposed or any change made from the offer itself, then it becomes a new offer and will not constitute a contract until the other party has agreed to it.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*H. W. Timmonds* for appellant.

(1) Assent and notice of acceptance of an offer need not be formally expressed; the assent may be given and communicated by conduct as well as by words. Allen v. Chouteau, 102 Mo. 323; Bruckman v. Dry Goods Co., 91 Mo. App. 466; Niedermeyer v. State University, 61 Mo. App. 654; 9 Cyc. 270. (2) It is a just principal of construction, both morally and legally, that the promisor is bound according to the sense in which he apprehended that the promisee received his proposition. Bruner v. Wheaton, 46 Mo. 367; Bruckman v. Dry Goods Co., 91 Mo. App. 466. (3) In this state it is no longer an open question that a court of equity will specifically enforce a unilateral written contract for the sale of land, based upon a valuable consideration. Real Estate Co. v. Spelbrink, 211 Mo. 692; Smith v. Wilson, 160 Mo. 664; Warren v. Castello, 109 Mo. 338; Mastin v. Grimes, 88 Mo. 478.

*Arthur H. Shay* for respondent.

(1)  To constitute a contract the acceptance of an offer must be absolute, unambiguous, unequivocal, without condition or reservation and in exact accordance with the offer.  It must not vary from the offer either by way of omission, addition or alteration.  If it does, neither party is bound.  Eads v. Carondelet, 42 Mo. 113; Bruner v. Wheaton, 46 Mo. 363; Green v. Cole, 103 Mo. 70; Taylor v. Von Schraeder, 107 Mo. 206; Egger v. Nesbitt, 122 Mo. 667; Scott v. Davis, 141 Mo. 213.  (2)  To constitute a contract there must be a proposition by one party accepted by the other without any modification whatever.  If the acceptance modifies the proposition in any particular, however trifling, it amounts to a rejection of the offer and to the submission of a counter proposition or offer which is itself as much in need of acceptance as the original offer.  Strange v. Crowley, 91 Mo. 287; Cangas v. Mfg. Co., 37 Mo. App. 297; Batavia v. Railroad, 126 Mo. App. 13; Middaugh v. Stough, 161 Ill. 312.

COX, J.—This is an action for specific performance of an alleged contract of sale of real estate in Barton county, Missouri.  During the progress of the trial it developed that since the making of the alleged contract the defendant had sold the land to another party, and plaintiff then asked an assessment of damages in lieu of specific performance.  Testimony was heard by the court, plaintiff's bill dismissed and he has appealed.

The question to be determined in this appeal is whether or not there was a binding contract of sale entered into between the plaintiff and defendant.  On December 9, 1910, plaintiff sent defendant the following telegram.

"Decatur, Illinois, Dec. 9, 1910.
"Thomas J. Richards, Streator, Ill.

"Will give you nine thousand dollars cash for your three hundred nine acres Barton County. Wire acceptance and send abstract to National Bank of Decatur.

"A. L. SARRAN."

On the same day defendant, who was then at Streator, Illinois, replied by wire as follows:
"A. L. Sarran, Decatur, Illinois.

"Accept your proposition nine thousand cash three hundred nine acres Barton County, Missouri, reserving rents this year and subject to lease for nineteen ten. Abstract to bank today.

"THOS. P. RICHARDS."

On the same date defendant addressed a letter to plaintiff which plaintiff received and in which defendant stated that he had a tenant in possession of the premises who lease would not expire until March 1, 1911; that the rent for that year had been practically paid, and that the farm was rented to a man named Garrett for one-third of the crops, also stating that he had forwarded the abstract to the National Bank of Decatur. In reply to this letter plaintiff wrote to defendant on December 10th, reciting the two telegrams above set out, and in addition made the following statement:

"I will be glad to have you advise me by return mail, addressing me at Mt. Sterling, Illinois, as to the condition of the lease for 1910; also advise me the name of your tenant and whether or not in your opinion it would be possible to persuade him to forego the lease."

On December 11th, defendant wrote plaintiff as follows:

"I have written Mr. J. E. Hull, my agent, telling him that farm was sold and to see Mr. E. Garrett and

ask him to give up possession March 1, 1910. Have not yet signed lease with him for next year, but have told him he could have the place again. Think he could be bought off very easy. The place rents for one-third of crop delivered at Jasper and one dollar per acre for pasture. I must have interest on money unless deal is closed up soon. Tenant's name is E. Garrett. Agent's name is J. E. Hull. Both addresses R. R. No. 3, Jasper, Mo.''

On December 14th, defendant wired plaintiff as follows:

''I hereby withdraw all propositions concerning sale of three hundred nine acres land, Barton county, Missouri. See letter,'' and on the same day wrote in. substance that he had sold the land to another party. On December 16th, plaintiff wired defendant that he would not consent to a withdrawal and considered that he had a binding contract with the defendant, and on the same day wrote the defendant a letter to the same effect.

Did the correspondence above set out constitute a binding contract. It is elementary law that to constitute a contract the minds of the parties must meet and they must agree on the same thing at the same time else there is no contract and when a contract is executed by an offer on the part of one party and an acceptance of that offer on the part of the other, to make it a binding contract the acceptance must be in the exact terms of the offer. If any condition is imposed or any change made from the offer itself then it becomes a new offer and will not constitute a contract until the other party has agreed to it. [Strange v. Crowley, 91 Mo. 287, 2 S. W. 421; Taylor v. Von Schraeder, 107 Mo. 206, 16 S. W. 675; Egger v. Nesbitt, 122 Mo. 667, 27 S. W. 385; Scott v. Davis, 141· Mo. 213, 42 S. W. 714; Gaus & Sons' Manufacturing Co. v. Chicago Lumber Co., 115 Mo. App. 114, 92 S. W.

121; Batavia v. The Railroad, 126 Mo. App. 13, 103 S. W. 140.]

Applying this rule to the facts in this case we find, first: An offer of nine thousand dollars cash by plaintiff. Defendant accepts this upon condition that he be allowed to collect the rents for that year and that the plaintiff would take the land subject to a lease for the following year. In reply to this the plaintiff answered making an inquiry as to the conditions of the lease and asked whether or not it would be possible to persuade the tenant to forego the lease. There was some other correspondence followed when defendant notified plaintiff that he withdrew all propositions concerning the sale of the land. It is clear that at no time during these negotiations did the parties agree to the same thing at the same time. The offer as made by plaintiff was not unequivocally accepted, but was only accepted upon condition and plaintiff at no time notified defendant that he would accept the conditions imposed until he had been notified by defendant that he would not sell him the land. It was then too late to give notice of his acceptance of the contract with the conditions which defendant had imposed. Judgment will be affirmed. All concur.