## OUTCAULT ADVERTISING COMPANY, Appellant, v. CHARLES M. WILSON, Respondent.

St. Louis Court of Appeals, January 5, 1915.

1. **SALES: Contracts: Acceptance.** An instrument which directed an advertising company to ship to the signer designated advertising material, for a specified compensation, was merely an order, and was not enforceable, in the absence of an acceptance by the company, since, without such acceptance, it lacked mutuality.

2. **———: ———: Orders: Acceptance.** Where an order for merchandise, signed by one party, is not countermanded, and the other party acts thereon and fully performs, such performance becomes a valid consideration, and relates back to the date of the order, which becomes an enforceable contract.

3. ———: ———: ———: **Revocation.** Where one who signed an order for merchandise notified the seller, before the latter had accepted the order, not to fill it, he was thereafter under no legal duty to accept the goods and pay the price specified .in the order, since the order was revocable at any time before it became a contract through being accepted and acted upon by the seller, and the fact that the buyer placed his refusal to accept the goods upon the ground that the seller had first breached the contract was immaterial.

4. **CONTRACTS: Breach: Duty to Minimize Damages.** One party to a contract has no right to proceed to execute it, after he has been notified that the other party has repudiated it, but his remedy is an action for damages for the breach; it being his duty to minimize the damages, and not to increase them by proceeding to perform.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Warner Lewis* for appellant.

(1) The contract, in the case was complete, between the plaintiff and defendant when signed, delivered and excepted, and the defendant cannot escape his liability for the agreed price and value of the goods purchased, by his refusal to receive them after they arrived at New Florence, on the 27th day of January, 1912. Price v. Atkinson, 117 Mo. App. 52. (2) A breach of a contract that does not go to the whole conditions of the contract, will not authorize a rescission of the contract, where such breach can be compensated for in damages; hence the court's instruction No. 4, is misleading and should not have been given to the jury. Hayden v. Railroad, 117 Mo. App. 795. (3) The covenants in the contract to pay monthly for one year at the rate of $2.10 per month and to return cuts at the end of the year are all independent, and a failure of any one does not authorize the rescission of the contract, because it can be compensated in damages; the

same rule applies to both parties. Turner v. Miller, 59 Mo. App. 526; Barthold v. Railroad, 165 Mo. App. 280. (4) Time of performance is not the essence of the contract, and the defendant was responsible for the delay himself. Bridge Company v. Corrigan et al., 251 Mo. 667.

*E. Rosenberger & Son* for respondent.

(1) The paper writing sued on was not a contract. It was a mere offer on the part of the defendant to hire a certain advertising scheme owned by plaintiff for a stipulated length of time. Before there can be a valid, binding contract, there must not only be an offer on the part of one party, but there must be an unqualified, unconditional acceptance on the part of the other. Sarran v. Richards, 151 Mo. App. 660. (2) the alleged contract sued on was unilateral. There was no mutuality of obligation. It laid no binding obligation on appellant to furnish the "ad" cuts. Iron & Rail Co. v. Railroad, 148 Mo. App. 173. (3) While time is not usually of the essence of a contract, the parties can make it so, and when they do so agree, they are bound by it. The evidence shows that plaintiff if it accepted defendant's order agreed to furnish him the advertising matter by January 21, 1912. This plaintiff failed to do, and it cannot enforce the alleged contract sued on. Carrabine & Co. v. Cox, 136 Mo. App. 370. (4) One party to an executory contract has the power to repudiate it, and the remedy of the other party is an action for damages caused by a breach of the contract. He cannot thereafter, himself, perform and recover on the contract, and a contracting party who has certain things to do under his contract has no right to proceed to execute it after he has been notified that the other party will not stand by the contract, and when he receives notice from the other party repudiating the contract, he is not justified in allow-

ing anything further to be done. Printing & Mfg. Co. v. Cutlery Co., 143 Mo. App. 322. (5) The court committed no error in refusing plaintiff's instructions and the instructions given by the court of its own motion were more favorable to plaintiff than to defendant, and plaintiff is not in a position to complain of said instructions. The court should have declared, as a matter of law, that plaintiff was not entitled to recover.

ALLEN, J.—This is an action to recover the sum of $109.20 claimed to be due plaintiff corporation under an alleged contract between the parties. The trial, before the court and a jury, resulted in a verdict and judgment for defendant, and plaintiff appeals.

Plaintiff is located in the city of Chicago, and engaged in the advertising business, and defendant is a merchant doing business in New Florence, Missouri. On January 16, 1912, the defendant, at the solicitation of one Elliott, a travelling salesman for plaintiff, signed the following paper, which was forwarded to plaintiff's Chicago office, viz.:

"To Outcault Advertising Co.                    Order No. 876
508 S. Dearborn St., Chicago, Ill.
                    Date Jan. 16th, 1912.

Ship us, at our expense, as per samples shown, your Yellow Kid 'Ad' Service, to cover a period of One Year, beginning Jan. 21, 1912. This service to consist of: . . . Yellow Kid Souvenir Calendar Post Cards for each month.

. . . front type.

We (or I) agree to pay you net cash monthly, at the rate of $2.10 per week, for one year, we (or I) to have exclusive right to use the above Yellow Kid 'Ad.' Service in our city only, and to hold type and cuts subject to your order when this contract expires.

Failure to pay any installment when due renders full amount of this Contract due.

This contract cannot be cancelled. Ship all at one time if possible.

(Signed)    CHAS. M. WILSON.

ELLIOTT, Salesman.''

On the following day, to-wit, January 17, 1912, defendant wrote plaintiff, saying that he had been advised that plaintiff's salesman had offered ''similar ads'' to others at a lower price, and directing defendant not to ship the goods until he had an opportunity to investigate the matter, adding: ''Nobody knows better than you whether your salesman is making different prices and if you are don't send me any at all.''

Defendant heard nothing from plaintiff either as to the acceptance of the order or in reply to the aforesaid letter. Plaintiff later shipped the articles in question, which, it seems, arrived at the office of an express company in New Florence on January 27, 1912. Defendant refused to receive them, and notified plaintiff to this effect, stating that the goods had not been shipped within the time specified, and that he had made other arrangements for his advertising. And defendant testified that he later reshipped the goods to plaintiff, prepaying the charges therefor.

The cause was submitted to the jury under certain instructions given by the court of its own motion, after all instructions requested by both plaintiff and defendant had been refused. It was submitted upon the theory that the writing signed by defendant constituted a valid and subsisting contract between the parties; that time was not of the essence of the contract, but that plaintiff was entitled to recover the total of all installments, to-wit, $109.20, if the jury found from the evidence that the advertising matter was shipped to the defendant by plaintiff within a reasonable time.

There are no distinct assignments of error before us; and though we have fully considered the ques-

tions raised by appellant in its brief, it is unnecessary to refer to them in detail.

We think it clear that the paper signed by defendant was in fact nothing but an order, and did not in itself constitute a valid and enforceable contract. It purports upon its face to be merely an order; and no acceptance thereof on the part of plaintiff appears prior to the shipping of the goods in question. It is true that the name "Elliott" (the name of the salesman) appears upon the paper, but there is nothing to indicate that this was intended as an acceptance of the order by plaintiff, binding it to fill the same in the manner and within the time specified. The evidence merely shows that the defendant signed the order and that it was mailed to plaintiff. Upon its face it does not bind plaintiff to do anything, and is lacking in mutuality. Under the circumstances, it seems clear that there was no binding contract originally entered into. [See Price v. Atkinson, 117 Mo. App. 52, 94 S. W. 816; Iron & Rail Co. v. Railroad, 148 Mo. App. 173, 127 S. W. 623; Sarran v. Richards, 151 Mo. App. 656, 132 S. W. 285.]

It is true that where such an order is not countermanded and the other party acts thereupon and fully performs, such performance becomes a valid consideration relating back to the date of the order, and the latter ripens into an enforceable contract. [See Price v. Atkinson, supra.] In the case before us, however, defendant countermanded the order on the day following its execution; and it appears by plaintiff's own evidence that plaintiff received defendant's letter to this effect before entering upon the performance of the contract on its part. While this letter left the matter open for further negotiations between the parties, it, in effect, notified plaintiff not to ship the goods until advised that defendant was satisfied as to the price, and constituted a present revocation of the or-

186MoApp32

der previously mailed. And under the circumstances plaintiff was bound to recognize defendant's right to revoke the order. [See Price v. Atkinson supra.]

Defendant was therefore under no legal duty to accept the goods and pay the so-called contract price. And it cannot matter that he placed his refusal so to do upon the ground that plaintiff had first breached the contract, if any existed, by failing to make delivery within the time specified in the order.

It is also quite clear that plaintiff cannot recover in this action for the contract price, even upon the theory that the writing constituted a valid contract between the parties. Assuming the existence of such contract, it was wholly executory when defendant repudiated it. Thereafter, plaintiff could not perform and recover on the contract. One party to a contract has no right to proceed to execute it after he has been notified that the other party thereto has repudiated the contract. [See Printing & Manufacturing Co. v. Cutlery Co., 143 Mo. App. l. c. 522, and cases cited, 127 S. W. 666.] His remedy is an action for damages for the breach, and his duty is to minimize the damages, and not to increase them by proceeding to perform the contract. [See Frederick v. Willoughby, 136 Mo. App. 244, 116 S. W. 1109; Printing & Manufacturing Co. v. Cutlery Co., supra.]

It is unnecessary to notice other questions raised. Under the evidence plaintiff was not entitled to recover upon any theory, and the judgment in favor of defendant should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.


## ON MOTION FOR REHEARING.


ALLEN, J.—It is urged that the foregoing opinion is directly in conflict with that of the Springfield Court of Appeals in Outcault Advertising Company v. Barnes, 176 Mo. App. 307, 162 S. W. 631, which was

not called to our attention. It is clear, however, that no such conflict exists. In the last-mentioned case defendant signed an order similar to that here involved, and plaintiff by letter accepted and agreed to fill the same. Thereafter defendant wrote plaintiff a letter seeking to cancel the order, but plaintiff's proof showed that the goods had been shipped before the receipt of this letter. For the reasons indicated in the foregoing opinion, a binding contract came into existence; and the case is readily distinguishable from the one before us.

The motion for rehearing is overruled.